IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARRY ALAN ULLAND,
    Plaintiff,

vs.                                     Case No. 5:11cv291/MP/CJK

GLENN HESS, et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's motion for voluntary dismissal (doc. 18). Plaintiff initiated this proceeding by filing a civil rights complaint (doc. 1) on August 24, 2011, pursuant to 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis* (doc. 2). On November 1, 2011, the court denied the motion for leave to proceed *in forma pauperis*, because the balance in plaintiff's inmate trust account was $796.97 on the day plaintiff filed the complaint. (Doc. 12) Accordingly, the court ordered plaintiff to pay the $350.00 filing fee within thirty (30) days of the date of the order. (Doc. 12) On November 29, 2011, plaintiff moved for an extension of time to pay the filing fee. (Doc. 13) By order dated December 1, 2011 (doc. 14), the court granted plaintiff an extension of fifteen (15) days to submit payment in the amount of $350.00. Plaintiff, however, failed to submit the filing fee. The court thus entered an order directing plaintiff to show cause why this case should not be dismissed for failure to comply with an order of the court. (Doc. 17) To date,

plaintiff has not paid the filing fee.

On January 30, 2012, plaintiff filed the instant motion for voluntary dismissal (doc. 18). In support, plaintiff states that he "remains indigent and suffers from physical and mental defects that suppress [his] ability to prosecute . . . this . . . § 1983 civil rights suit." (Doc. 18) Plaintiff further states that his claims may be barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 18) Because defendants have yet to serve an answer or motion for summary judgment, plaintiff may dismiss this action without court order. *See* FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion for voluntary dismissal (doc. 18) be GRANTED.
2. That this cause be DISMISSED WITHOUT PREJUDICE.
3. That the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of February, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**